UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL NELSON and SAMUEL LUNA,       )
                                      )
                                      )     **FOURTH AMENDED**
                                      )     **COMPLAINT**
                     Plaintiffs,      )
                                      )     **JURY TRIAL DEMANDED**
     -against-                        )
                                      )     18 Civ. 4636 (PAE) (SDA)
THE CITY OF NEW YORK; NYPD POLICE     )
OFFICER JOHN MISZUK; NYPD LIEUTENANT  )
MATEUSZ TKACZUK, Shield No. 2197; NYPD )
POLICE OFFICER SPIROS FRANGATOS, Shield )
No. 17580; NYPD POLICE OFFICER DAVID  )
CORTES, Shield No. 26068; NY STATE    )
CORRECTIONAL OFFICER ROCKY ETIENNE,   )
Shield No. 24533; NY STATE CORRECTIONAL )
OFFICER ANTONIO FONSECO, Shield No.   )
24733; NY STATE CORRECTIONAL          )
LIEUTENANT PHILLIP M. DETRAGLIA; NY   )
STATE CORRECTIONAL OFFICER ANTHONY    )
WILLINGHAM; NY  STATE CORRECTIONAL    )
SERGEANT GREGORY A. STOVALL; NY       )
STATE CORRECTIONAL LIEUTENANT         )
JAMES R. TEDESCO; NY STATE            )
CORRECTIONAL OFFICER SERGIO SAYERS    )
(retired); NY STATE CORRECTIONAL      )
OFFICER JOSEPH WARE; MICHAEL MOE      )
CORRECTIONAL CAPTAIN; JOHN DOES;      )
RICHARD ROES; MICHAEL MOES; and PAUL  )
POES,                                 )
                                      )
                     Defendants.      )
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil action in which the plaintiffs seek relief for the defendants' violation

of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United

States Constitution, including its Fourth and Fourteenth Amendments and by the laws and

Constitution of the State of New York.  The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3.     The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.     Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.     Plaintiff MICHAEL NELSON filed a timely Notice of Claim with the Comptroller of the City of New York concerning his claim for malicious prosecution on April 5, 2017.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiffs at all times relevant herein were residents of the State of New York. Plaintiffs are African-American.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendants NYPD POLICE OFFICER JOHN MISZUK, NYPD LIEUTENANT MATEUSZ TKACZUK, NYPD POLICE OFFICER SPIROS FRANGATOS, NYPD POLICE OFFICER DAVID CORTES, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants NYPD POLICE OFFICER JOHN MISZUK, NYPD LIEUTENANT MATEUSZ TKACZUK,  NYPD POLICE OFFICER SPIROS FRANGATOS, NYPD POLICE OFFICER DAVID CORTES, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and

engaging in conduct incidental to the performance of their lawful functions in the course of their

duties.  Defendants NYPD POLICE OFFICER JOHN MISZUK, NYPD LIEUTENANT

MATEUSZ TKACZUK, NYPD POLICE OFFICER SPIROS FRANGATOS, NYPD POLICE

OFFICER DAVID CORTES, and JOHN DOES are sued individually.

10.     Defendants NYPD LIEUTENANT MATEUSZ TKACZUK and RICHARD

ROES are and were at all times relevant herein duly appointed and acting supervisory officers,

servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police

Department, responsible for the training, retention, supervision, discipline and control of

subordinate members of the police department under their command.  Defendants NYPD

LIEUTENANT MATEUSZ TKACZUK and RICHARD ROES are and were at all times relevant

herein acting under color of state law in the course and scope of their duties and functions as

supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK,

were acting for, and on behalf of, and with the power and authority vested in them by THE CITY

OF NEW YORK and the New York City Police Department, and were otherwise performing and

engaging in conduct incidental to the performance of their lawful functions in the course of their

duties.  Defendants NYPD LIEUTENANT MATEUSZ TKACZUK and RICHARD ROES are

sued individually.

11.     Defendants NY STATE CORRECTIONAL OFFICER ROCKY ETIENNE, NY

STATE CORRECTIONAL OFFICER ANTONIO FONSECO, NY STATE CORRECTIONAL

LIEUTENANT PHILLIP M. DETRAGLIA, NY STATE CORRECTIONAL OFFICER

ANTHONY WILLINGHAM, NY STATE CORRECTIONAL SERGEANT GREGORY A.

STOVALL, NY STATE CORRECTIONAL LIEUTENANT JAMES R. TEDESCO, NY

4

STATE CORRECTIONAL OFFICER SERGIO SAYERS (retired), NY STATE
CORRECTIONAL OFFICER JOSEPH WARE, MICHAEL MOE CORRECTIONAL
CAPTAIN, and MICHAEL MOES are and were at all times relevant herein duly appointed and
acting officers, servants, employees and agents of the State of New York and/or the New York
State Department of Corrections and Community Supervision (DOCCS), an agency of the State
of New York.  Defendants NY STATE CORRECTIONAL OFFICER ROCKY ETIENNE, NY
STATE CORRECTIONAL OFFICER ANTONIO FONSECO, MICHAEL MOE
CORRECTIONAL CAPTAIN, NY STATE CORRECTIONAL LIEUTENANT PHILLIP M.
DETRAGLIA, NY STATE CORRECTIONAL OFFICER ANTHONY WILLINGHAM, NY
STATE CORRECTIONAL SERGEANT GREGORY A. STOVALL, NY STATE
CORRECTIONAL LIEUTENANT JAMES R. TEDESCO, NY STATE CORRECTIONAL
OFFICER SERGIO SAYERS (retired), NY STATE CORRECTIONAL OFFICER JOSEPH
WARE, MICHAEL MOE CORRECTIONAL CAPTAIN, and MICHAEL MOES are and were
at all times relevant herein acting under color of state law in the course and scope of their duties
and functions as officers, agents, servants, and employees of the State of New York, were acting
for, and on behalf of, and with the power and authority vested in them by State of New York and
DOCCS, and were otherwise performing and engaging in conduct incidental to the performance
of their lawful functions in the course of their duties.  Defendants NY STATE CORRECTIONAL
OFFICER ROCKY ETIENNE, NY STATE CORRECTIONAL OFFICER ANTONIO
FONSECO, MICHAEL MOE CORRECTIONAL CAPTAIN, NY STATE CORRECTIONAL
LIEUTENANT PHILLIP M. DETRAGLIA, NY STATE CORRECTIONAL OFFICER
ANTHONY WILLINGHAM, NY STATE CORRECTIONAL SERGEANT GREGORY A.

STOVALL, NY STATE CORRECTIONAL LIEUTENANT JAMES R. TEDESCO, MICHAEL

MOE CORRECTIONAL CAPTAIN, and MICHAEL MOES are sued individually.

12.     Defendants NY STATE CORRECTIONAL LIEUTENANT PHILLIP M.

DETRAGLIA, NY STATE CORRECTIONAL SERGEANT GREGORY A. STOVALL, NY

STATE CORRECTIONAL LIEUTENANT JAMES R. TEDESCO, MICHAEL MOE

CORRECTIONAL CAPTAIN, and PAUL POES are and were at all times relevant herein duly

appointed and acting supervisory officers, servants, employees and agents of the State of New

York and/or the New York State Department of Corrections and Community Supervision

(DOCCS), an agency of the State of New York, responsible for the training, retention,

supervision, discipline and control of subordinate members of DOCCS under their command.

Defendants NY STATE CORRECTIONAL LIEUTENANT PHILLIP M. DETRAGLIA, NY

STATE CORRECTIONAL SERGEANT GREGORY A. STOVALL, NY STATE

CORRECTIONAL LIEUTENANT JAMES R. TEDESCO, MICHAEL MOE

CORRECTIONAL CAPTAIN, and PAUL POES are and were at all times relevant herein acting

under color of state law in the course and scope of their duties and functions as supervisory

officers, agents, servants, and employees of defendant DOCCS, were acting for, and on behalf of,

and with the power and authority vested in them by the State of New York and DOCCS, and

were otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  Defendants NY STATE CORRECTIONAL

LIEUTENANT PHILLIP M. DETRAGLIA, NY STATE CORRECTIONAL SERGEANT

GREGORY A. STOVALL, NY STATE CORRECTIONAL LIEUTENANT JAMES R.

TEDESCO, MICHAEL MOE CORRECTIONAL CAPTAIN, and PAUL POES are sued

individually.

## STATEMENT OF FACTS

13.    At approximately 1:30 p.m. on October 25, 2016 Plaintiffs entered the New York

State DOCCS Queensboro Correctional Facility in Long Island City, New York to visit with a

friend of theirs who was incarcerated there.

14.    After clearing the security procedures (during which no contraband was found on

either of Plaintiffs), Plaintiffs were admitted to a visiting room (which was also being used by a

number of other visitors and inmates), and began to have their visit with their friend, who was

brought in by Correctional Officers.

15.    Plaintiffs shook hands with their friend in greeting when their friend was brought

in.

16.    Plaintiffs did not otherwise make any contact with their friend at any point.

17.    Nothing was passed between Plaintiffs and their friend at any point.

18.    After Plaintiffs were speaking with their friend for about 30 minutes, Plaintiffs'

friend was summoned by a MICHAEL MOE member of the correctional staff and removed from

the visiting room.

19.    On information and belief (the source being a DOCCS Unusual Incident Report

provided to the undersigned by the predecessor counsel for the State Defendants, an Assistant

Attorney General Bradley Wilson and / or information otherwise provided in discovery by his

successor, Assistant Attorney General Bruce Turkle) the identity of the individuals described

herein as MICHAEL MOES may be some or all of Defendants ETIENNE, FONSECO,

DETRAGLIA, WILLINGHAM, STOVALL, TEDESCO, SAYERS, and WARE.  The individual

described as MICHAEL MOE CORRECTIONAL CAPTAIN may be one of Defendants

DETRAGLIA, STOVALL, or TEDESCO, all of whom are of a supervisory rank.

20.     The DOCCS Unusual Incident Report was provided to me by A.A.G. Wilson in

response to my request that the Attorney General's office identify the members of DOCCS who

were involved in the incident, so that they could be amended into the pleadings as defendants and

then served.

21.     A.A.G. Wilson's 10/18/18 email to me providing the DOCCS Unusual Incident

Report stated in relevant part as follows:

> Attached please find STATE DEFENDANTS 000001-000006, the unusual
> incident report generated in response to this matter. Jeff [the undersigned], I don't
> see a Captain listed (other than the person getting the call), but let me know if this
> assists in terms of the John Doe.

22.     In response to that email, the undersigned emailed back to A.A.G. Wilson, also on

10/18/18, as follows:

> Re the Michael Moes, would you please speak with the DOCCS personnel
> mentioned on this document to see which of them played any role in telling Nelson
> and Luna that they could not leave (or in interacting with them while they were
> being detained at the prison), or in interacting with the NYPD personnel who
> arrived (or with the DA's office re Nelson).  Otherwise I need to just name all of
> them as possible Moes, and I would prefer not to do that if some of them were
> only involved with the inmate [ ][1] and had nothing to do with Nelson and Luna.
> Please let me know if you can have those conversations with these people quickly
> and let me know, as I want to amend as of right by 10/26.

23.     A.A.G. Wilson'ssuccessor and present counsel for the State Defendants - A.A.G.

---

1 Although Plaintiff's inmate friend's identity as a prisoner is a matter of public record, I have
removed his name herein because it is not necessary to the pleadings, and to avoid any potentially
unnecessary embarrassment to him.

Bruce Turkle - has since provided the undersigned with some further information in this regard as requested.

24.     Defendants ETIENNE, FONSECO, DETRAGLIA, WILLINGHAM, STOVALL, TEDESCO, SAYERS, and WARE have been named as Defendants herein because they are the most likely candidates, based upon the DOCCS Unusual Incident Report provided to the undersigned by A.A.G. Wilson and the further information provided to me by A.A.G. Turkle, to be the MICHAEL MOES and MICHAEL MOE CORRECTIONAL CAPTAIN who engaged in the wrongful actions and omissions set forth herein.

25.     The Attorney General's office - who currently represents Defendants ETIENNE, FONSECO, DETRAGLIA, WILLINGHAM, STOVALL, and TEDESCO (and who soon will likely also represent Defendants SAYERS and WARE) via A.A.G. Bruce Turkle - had and has the ability to make inquiries of each and all of these Defendants and others who were working at Queensborough Correctional Facility on the date of the incident, and to provide the undersigned with the identities of those members of DOCCS who: (1) detained Plaintiffs at Queensborough Correctional Facility (and made the decision to do so); (2) called the NYPD concerning Plaintiffs (and made the decision to do so); (3) denied Plaintiff NELSON access to a bathroom and required NELSON to urinate in his view in the visitor's locker area of the prison; and (4) spoke with the members of the NYPD who arrived at the prison, or with the District Attorney's office, concerning the Plaintiffs and what Plaintiffs were falsely alleged to have done.

26.     Based upon the further information provided by A.A.G. Turkle Defendants Defendants SAYERS and WARE are being added as additional Defendants with this Fourth Amended Complaint.

27.     After Plaintiffs' friend was removed from the visiting room, Plaintiffs continued to wait in the visiting room for another approximately 25 minutes.

28.     Plaintiff NELSON asked a number of MICHAEL MOES members of the correctional staff what was going on, but none of them would provide a response.

29.     Plaintiff LUNA asked if he could use the bathroom, and he was permitted to use a bathroom by MICHAEL MOES members of the correctional staff.

30.     Plaintiff NELSON asked if he could use the bathroom, but he was not permitted to use a bathroom by MICHAEL MOES members of the correctional staff.

31.     After waiting for the approximately 25 minutes, MICHAEL MOE CORRECTIONAL CAPTAIN approached Plaintiff NELSON and told him that he had to leave the visiting room.

32.     MICHAEL MOE CORRECTIONAL CAPTAIN also told Plaintiff  LUNA that he needed to leave as well.

33.     Plaintiffs were taken out of the visiting room, and told to sit in two chairs in a locker room in the facility where visitors place their personal belongings in lockers prior to entering the facility for visits with inmates.  The DOCCS Defendants' Initial Disclosures describes Defendant WARE as being knowledgeable concerning the following subject of information: "Placement of Plaintiffs in visitors processing room."

34.     Plaintiffs sat there for approximately 1 to 1 ½ hours, and were not permitted to leave by MICHAEL MOES members of the correctional staff.

35.     Plaintiff NELSON eventually asked again if he would be permitted to use a bathroom.

36.     MICHAEL MOES members of the correctional staff told Plaintiff NELSON, in sum and substance, that he could not use the bathroom and could not go anywhere.

37.      Plaintiff NELSON asked if he could leave, and was told by MICHAEL MOES members of the correctional staff that he could not leave.

38.     After Plaintiff NELSON complained a lot about having to go to the bathroom, MICHAEL MOES members of the correctional staff gave him a bottle to urinate in.

39.     Plaintiff NELSON had to urinate into the bottle behind lockers to avoid soiling himself, rather than being permitted to use a bathroom.

40.     While Plaintiff NELSON urinated into the bottle, a MICHAEL MOE member of the correctional staff watched him.

41.     When Plaintiff NELSON urinated into the bottle, it overflowed and his urine got on his hand and on the ground.

42.     Plaintiff NELSON saw through a glass window what were, on information and belief, four plainclothes JOHN DOES members of the NYPD – on information and belief Defendants MISZUK, TKACZUK, FRANGATOS, and CORTES - speaking with two MICHAEL MOES members of the correctional staff.  According to a memorandum written by Defendant STOVALL, a MICHAEL MOE who was the "Watch Commander" called the NYPD. On information and belief, NY STATE CORRECTIONAL LIEUTENANT JAMES R. TEDESCO was the "Watch Commander."

43.     The source of the undersigned's information and belief concerning Defendants MISZUK, TKACZUK, FRANGATOS, and CORTES is an October 31, 2018 letter written to the undersigned by their counsel, New York City Law Department Senior Counsel Kevin Kelly,

which stated in relevant part as follows in response to the undersigned's prior letter requesting

identification of the JOHN DOES whose actions and omissions were described in the original

Complaint in this action:

> I represent the defendants The City of New York and Police Officer John Miszuk in the above action. In response to your letter of July 16, 2018, please be advised that, based on our preliminary investigation, it appears that the following officers responded to the location of the subject incident:
>
>> 1. Lt. Mateusz Tkaczuk, Transit District 20, 137 Queens Boulevard, Jamaica, New York 11435;
>>
>> 2. P.O. Spiros Frangatos, 108th Precinct, 547 50th Avenue, Long Island City, New York 11101; and
>>
>> 3. P.O. David Cortes, 108th Precinct, 547 50th Avenue, Long Island City, New York 11101.

44.     Plaintiff NELSON heard one of the MICHAEL MOES (of, on information and belief, Hispanic ethnicity) tell the JOHN DOES, in sum and substance, that he thought that he had seen one of Plaintiffs pass something.

45.     One of the JOHN DOES asked this MICHAEL MOE, in sum and substance, if he thought he had seen one of Plaintiffs pass something, or if he actually saw it.

46.     The MICHAEL MOE said that he thought he saw it.

47.     After approximately another 10 minutes the JOHN DOES and MICHAEL MOES then came into the locker room and placed Plaintiff NELSON under arrest, and handcuffed him behind his back.

48.     On information and belief (the source being the DOCCS Unusual Incident Report, which so states) the decision to formally arrest Plaintiff NELSON was made by Defendant TKACZUK.

12

49.     The JOHN DOES and MICHAEL MOES told Plaintiff LUNA at that point that he was free to go home.

50.     The JOHN DOES took Plaintiff NELSON out of the facility and placed him into an unmarked police car.

51.     Plaintiff NELSON was taken to a local police precinct.

52.     At the precinct Plaintiff NELSON taken to a bathroom and was unlawfully subjected to a strip search, in which he was required to remove all of his clothes, spread his buttocks for a visual inspection of his rectum, lift his testicles for a visual inspection, and squat. On information and belief – the source being Defendant MISZUK's memo book entries - Defendant MISZUK performed the strip search at the direction of Defendant TKACZUK.

53.     No contraband of any kind was found on Plaintiff NELSON.

54.     While he was in custody JOHN DOES told Plaintiff NELSON that he would not be allowed to visit his friend at Queensboro Correctional Facility for the next 6 months.

55.     Plaintiff NELSON was placed in a cell at the precinct for a few hours and processed, and then taken to Queens Central Booking.

56.     Plaintiff was thereafter arraigned and wrongfully charged with Promoting Prison Contraband in the Second Degree in violation of Penal Law § 205.20(1), Criminal Sale of Marihuana in the Fifth Degree in violation of Penal Law § 221.35, and Unlawful Possession of Marijuana, in violation of Penal Law § 221.05.

57.     The deponent on the Criminal Court Complaint lodged against Plaintiff NELSON was Defendant Police Officer MISZUK, from the NYPD 108th Precinct, who falsely alleged, under penalty of perjury, *inter alia*, that he was informed by Defendant Correctional Officer

ETIENNE that ETIENNE observed Plaintiff NELSON pass a plastic bag containing a quantity of marijuana to the inmate friend he had been visiting.  Defendant MISZUK also falsely alleged, under penalty of perjury, *inter alia*, that he was informed by Defendant Correctional Officer ETIENNE that ETIENNE was present when Defendant Correctional Officer FONSECO recovered a quantity of marijuana from the inmate friend who Plaintiff NELSON had been visiting as the inmate was exiting the visiting room.

58.     These allegations, as they relate to Plaintiff NELSON, are lies.

59.     Plaintiff NELSON never passed anything to his inmate friend, and did not have any marijuana with him, or have anything to do with any marijuana, inside of the Queensboro Correctional Facility.

60.     Plaintiff LUNA likewise never passed anything to his inmate friend, and did not have any marijuana with him, or have anything to do with any marijuana, inside of the Queensboro Correctional Facility.

61.     The undersigned has recently spoken with the inmate friend, who confirmed that neither Plaintiff NELSON nor Plaintiff LUNA passed him anything during their visit with him, and who further stated that he had marijuana on his person that he had procured from within the prison.

62.     The presence of illegal drugs inside of DOCCS prisons is a rampant problem.

63.     On information and belief, that the inmate friend had procured the marijuana from inside the prison highlighted security lapses and improprieties within the prison that would have required Defendants ETIENNE, FONSECO, DETRAGLIA, WILLINGHAM, STOVALL, TEDESCO, SAYERS, WARE, and other MICHAEL MOES staff at Queensborough

14

Correctional Facility, to engage in a significantly more elaborate investigation and writing of reports than if they falsely alleged – as they did - that they had seen Plaintiff NELSON pass the marijuana to the inmate friend and then immediately recovered the marijuana from the inmate.

64.     On information and belief, this false narrative – which is set forth in the DOCCS Unusual Incident Report – was fabricated at least in part out of laziness, and an abject indifference to Plaintiff NELSON's rights.

65.     Bail was set at Plaintiff NELSON's arraignment in the amount of $2,500.

66.     Plaintiff NELSON could not make bail, and was taken to the Vernon C. Bain Center, a jail barge operated by the New York City Department of Corrections at Rikers Island.

67.     Plaintiff NELSON was held there for the following week until he was able to make bail.

68.     After approximately 3 court appearances, all of the charges against Plaintiff NELSON were dismissed and sealed pursuant to NY Criminal Procedure Law § 30.30 on February 24, 2017 pursuant to a January 26, 2017 Decision and Order by Criminal Court Judge Peter F. Vallone, Jr.

69.     That January 26, 2017 Decision and Order stated as follows:

> SUMMARY OF COURT DECISION:
> As per this Court's decision spread on the record on January 26,2017, the Court finds that the People are charged with 93 days. Accordingly, this matter is dismissed and sealing is stayed thirty (30) days.
>
>      Defendant is charged with Promoting Prison Contraband in the Second Degree (PL§205.120-1)[2] , Criminal Sale of Marihuana in the Fifth

---

2 [Footnote 1 in original] Pursuant to CPL §30.30 [1] [c], where the top count in the information is an A Misdemeanor, the People must announce ready for trial within ninety (90) days of the commencement of the criminal action.

Degree (PL §221.35), and Unlawful Possession of Marihuana (PL §221.05).

Defendant was arraigned on October 25, 2016 at which time the People did not have a Supporting Deposition and therefore deemed not ready. This matter was adjourned to October 28, 2016 for conversion.

On October 28, 2016 the People did not file a Supporting Deposition and this matter was adjourned to January 26, 2017.

On January 26, 2017 the People had not filed a Supporting Deposition and appeared not ready.

Accordingly, the People are charged from the time of arraignment, October 25, 2016 to January 26, 2017, for a total of ninety-three (93) days which exceeds the statutorily permitted 90 days, and this matter is dismissed. Sealing is stayed for thirty (30) days.

The foregoing constitutes the decision and order of this court.

70.     Because of this experience, neither of Plaintiffs tried to visit their friend at Queensboro Correctional Facility again.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

71.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

72.     By their conduct and actions in falsely arresting and imprisoning, assaulting and battering, unlawfully searching (including strip searching) and seizing, wrongfully prosecuting, abusing process against, violating the rights to due process of, failing to intercede on behalf of, and fabricating an account and /or evidence with regard to, Plaintiffs, Defendants NYPD POLICE OFFICER JOHN MISZUK, NYPD LIEUTENANT MATEUSZ TKACZUK, NYPD POLICE OFFICER SPIROS FRANGATOS, NYPD POLICE OFFICER DAVID CORTES, NY STATE CORRECTIONAL OFFICER ROCKY ETIENNE, NY STATE CORRECTIONAL OFFICER

16

ANTONIO FONSECO, NY STATE CORRECTIONAL LIEUTENANT PHILLIP M.

DETRAGLIA; NY STATE CORRECTIONAL OFFICER ANTHONY WILLINGHAM; NY

STATE CORRECTIONAL SERGEANT GREGORY A. STOVALL; NY STATE

CORRECTIONAL LIEUTENANT JAMES R. TEDESCO, NY STATE CORRECTIONAL

OFFICER SERGIO SAYERS (retired), NY STATE CORRECTIONAL OFFICER JOSEPH

WARE, MICHAEL MOE CORRECTIONAL CAPTAIN, JOHN DOES, and MICHAEL MOES,

acting under color of law and without lawful justification, intentionally, maliciously, and with a

deliberate indifference to or a reckless disregard for the natural and probable consequences of

their acts, caused injury and damage in violation of Plaintiffs' constitutional rights as guaranteed

under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth

amendments.

73.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered

bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and were

otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

74.     The plaintiffs incorporate by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

75.     By failing to remedy the wrongs committed by their subordinates, and in failing to

properly train, screen, supervise, or discipline their subordinates, supervisory officers Defendants

NYPD LIEUTENANT MATEUSZ TKACZUK, NY STATE CORRECTIONAL LIEUTENANT

PHILLIP M. DETRAGLIA; NY STATE CORRECTIONAL OFFICER ANTHONY

WILLINGHAM; NY STATE CORRECTIONAL SERGEANT GREGORY A. STOVALL; NY

STATE CORRECTIONAL LIEUTENANT JAMES R. TEDESCO, MICHAEL MOE

CORRECTIONAL CAPTAIN, RICHARD ROES, and PAUL POES caused damage and injury in

violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983, and the United States

Constitution, including its Fourth and Fourteenth amendments.

76.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered

bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and were

otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

77.     The plaintiffs incorporate by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

78.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants had de facto policies,

practices, customs and usages which were a direct and proximate cause of the unconstitutional

conduct alleged herein.

79.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto policies,

practices, customs, and usages of failing to properly train, screen, supervise, or discipline

employee police officers, and of failing to inform the individual defendants' supervisors of their

need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

80.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

81.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, and arrests, which are implemented disproportionately upon black and Latino / Latina people.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

82.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in illegal and invasive searches, including strip searches.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

83.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

84.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

85.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff NELSON pursuant to the state common law doctrine of respondeat superior.

86.     As a result of the foregoing, plaintiff NELSON was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

87.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

88.     By the actions described above, defendants[3] maliciously prosecuted plaintiff NELSON without any right or authority to do so.  The acts and conduct of the defendants were

---

3 This New York State law claim for malicious prosecution is not brought against Defendants ETIENNE, FONSECO, DETRAGLIA, WILLINGHAM, STOVALL, TEDESCO, SAYERS, WARE, or any other MICHAEL MOE employee of DOCCS.

the direct and proximate cause of injury and damage to plaintiff NELSON and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

89.     As a result of the foregoing, plaintiff NELSON was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the Plaintiffs demand the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.


Dated:      New York, New York
            October 23, 2019

                        __/S/__ Jeffrey A. Rothman_____
                        JEFFREY A. ROTHMAN, Esq.
                        Law Office of Jeffrey A. Rothman
                        315 Broadway, Suite 200
                        New York, New York 10007
                        (212) 227-2980

                        Attorney for Plaintiffs